**CONNER et al. v. PENNSYLVANIA R. CO. et al.**

C. A. No. 2738–47.

United States District Court
District of Columbia.
Oct. 25, 1950.

George R. Stewart, Riley A. Gwynn, Carl Lutz, and John W. Cragun, all of Washington, D. C., for plaintiffs.

Thomas S. Jackson, Hugh Cox, John R. Wall, Carl McFarland, and Stephen J. Angland, all of Washington, D. C., for defendants.

LAWS, Chief Judge.

The question before the Court is as to the signing of an order based upon the mandate of the United States Court of Appeals for the District of Columbia Circuit.

Plaintiffs, now employees of railroad company defendant, acting for themselves and others in the same class have established their right, upheld by the United States Court of Appeals for the District of Columbia Circuit, 85 U.S.App.D.C. 223, 177 F.2d 854, to elect to transfer from passenger to freight service. Their counsel claims the same right should extend also to former employees of the railroad who were forced to resign to accept more remunerative positions by reason of their not being given the right of election by the railroad company. It is insisted the order of the Court should include such right to this class of former employees.

The language of Rule 23, Federal Rules Civil Procedure, 28 U.S.C.A., permits class actions where the parties "are so numerous as to make it impracticable to bring them all before the court". There is no showing made that the members of the class last referred to are numerous. The only statement in the pleadings with regard to them is that members of the class represented by plaintiffs "have and may hereafter be forced entirely to abandon their occupation as trainmen in order to find employment which will permit them to support and maintain themselves and their families." At the oral argument, counsel for plaintiffs stated he was not sure any of this class exist who will wish to exercise the right to transfer.

There is doubt whether plaintiffs are entitled to represent employees who have re-signed, since the interests of the latter well may conflict with plaintiffs' interests.

For the reasons stated, I am of opinion that the order on the present state of the pleadings be approved in the form submitted by the defendants The Pennsylvania Railroad Company and Brotherhood of Railroad Trainmen.